UNITED STATES of America,
Plaintiff,

v.

RYAN INTERNATIONAL AIRLINES, INC., Defendant.

No. CIV. 0400729SPKKSC.

United States District Court,
D. Hawai'i.

March 17, 2005.

participate in the membership appeal meetings or to obtain the Union's mailing list.

Rachel S. Moriyama, Esq., Assistant U.S. Attorney, Office of the United States Attorney, Honolulu, HI, for Plaintiff.

Scott J. Gunderson, Esq., Nelson & Gunderson, Wichita, KS, Donald C. Machado, Jr., Esq., Honolulu, HI, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

SAMUEL P. KING, District Judge.

Defendant Ryan International Airlines, Inc., ("Ryan") moves to dismiss this Federal Aviation Act suit brought by the United States. The Government's suit under 49 U.S.C. §§ 46107(b) and 46301(a)(2) seeks various penalties in excess of $50,000 (apparently over $250,000) against Ryan for various alleged violations of maintenance procedures that occurred in October and November of 1999.

Ryan moves to dismiss, contending that a two-year statute of limitations bars the action. The Government opposes, asserting that a five-year limitation period applies. This suit was filed on December 14, 2004 (there was a tolling agreement executed on October 22, 2004 to extend time to file suit until December 15, 2004; the tolling agreement does not waive the right of Ryan to assert that a two-year statute of limitations bars this action).

Ryan relies on 49 U.S.C. § 46301(d)(7)(C), which provides:

> Except for good cause, a civil action involving a penalty *under this paragraph* may not be initiated later than 2 years after the violation occurs. (Emphasis added.)

Ryan also points to language in the Federal Aviation Administration's ("FAA's") administrative rules at 14 C.F.R. § 13.208(d), which also indicate a two-year limitations period.[1] The Government, however, points out that the two-year period in section 46301(d)(7)(C) only applies to actions "under this paragraph" and contends that its action is not brought "under this paragraph," which deals generally with administrative penalty actions brought by the FAA. In contrast, the Government's action is a judicial (not administrative) action brought for penalties in excess of $50,000 or for in rem actions as set forth in 49 U.S.C. § 46301(d)(4), which provides:

---

1. The rules provide:

 .... [A] respondent may move to dismiss the complaint, or that part of a complaint, alleging a violation that occurred... more than 2 years before an agency attorney issued a notice of proposed civil penalty to the respondent.....

 (2) If the agency fails to show good cause for any delay, the administrative law judge may dismiss the complaint, or that part of the complaint, alleging a violation that oc-

curred more than 2 years before an agency attorney issued the notice of proposed civil penalty[.]

14 C.F.R. § 13.208(d).

In this case, the FAA provided timely notice of a civil action within two years of the violations. [Exh. A to Plaintiff's Memorandum in Opposition.] Settlement negotiations then ensued and after three years, this judicial action followed. [Feb. 25, 2005, Decl. of AUSA Moriyama, at 1–2].

Notwithstanding paragraph (2) of this subsection, the district courts of the United States have exclusive jurisdiction of a civil action involving a penalty the Administrator initiates if—

(A) the amount in controversy is more than $50,000;

(B) the action is in rem or another action in rem based on the same violation has been brought;

(C) the action involves an aircraft subject to a lien that has been seized by the Government; or

(D) another action has been brought for an injunction based on the same violation.

For judicial enforcement actions seeking penalties in excess of $50,000, the Government contends that 28 U.S.C. § 2462 applies and provides a statute of limitations of *five* years. Section 2462 provides:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

The Government's position is more convincing. The plain language of the two-year period in 49 U.S.C. § 46301(d)(7)(C) only applies to actions in "this paragraph" and "this paragraph" stands in contrast to other parts of the statute that refer to "subsection" or "section."

Before 1987, the FAA did not have the power to assess civil penalties administratively. Rather, all civil penalties, regard-less of amount in controversy, had to be filed by a U.S. Attorney in a federal district court. Beginning in 1987, and as amended several times, legislation now codified in part in 49 U.S.C. § 46301 was enacted that allowed the FAA to assess civil penalties administratively in amounts not to exceed $50,000. The statutory authority began as a two-year demonstration program and was changed to permanent authority in 1992.

For larger actions with higher amounts in controversy, such as the instant action, Congress required (and still requires) the action to be filed in federal court. *See* 49 U.S.C. § 46301(d)(4) (giving district courts "exclusive jurisdiction of a civil action involving a penalty" greater than $50,000); 49 U.S.C. § 46107(b).

Most importantly, legislative history indicates that when enacting the two-year limitation period, Congress and the FAA intended the two-year period now codified at 49 U.S.C. § 46301(d)(7)(C) to apply *only* to the administrative (not the judicial) actions. *See* House R. No. 102–671, 1992 U.S.C.C.A.N. 792 (July 21, 1992); 55 Fed. Reg. 27548, 27552–53 (July 3, 1990).

A two-year limitation period for administrative actions was first codified (at least by statute) in 1992. *See* FAA Civil Penalty Administrative Assessment Act of 1992, P.L. 102–345 (Aug. 26, 1992). As mentioned earlier, this 1992 Act made permanent a temporary demonstration program allowing the FAA to administer smaller (less than $50,000) penalty matters. *See* House R. No. 102–671, 1992 U.S.C.C.A.N. 792 (July 21, 1992). Nothing in the legislative history indicates that the two-year limitation period added in 1992 applied to *all* civil penalty matters including those that were not previously the subject of the demonstration program. Indeed, the lan-

guage adopted in 1992 restricted the two-year period to "this subparagraph" which "subparagraph" implemented the administrative (not judicial) penalty provisions.

"Subparagraph" was changed in 1994 to "paragraph" as now provided in 49 U.S.C. § 46301(d)(7)(C). *See* Revision of Title 49 United States Code "Transportation," P.L. 103–272 (July 5, 1994). The 1994 recodification made no substantive change in the law. *See id.* at section 1(a) ("Certain general and permanent laws of the United States, related to transportation, are revised, codified, and enacted... *without substantive change* [.]"), and 6(a) ("Sections 1–4 of this Act restate, *without substantive change,* laws enacted before July 1, 1993[.]") (emphases added).[2]

A two-year period for administrative actions was not new. In particular, the FAA had implemented a two-year period for its administrative actions two years earlier by administrative rule. In adopting a two-year period, the FAA specifically rejected different limitations periods (other than the two-year period) for its rules. It noted that recommendations had been made to shorten the limitations period for *all* civil enforcement actions, including actions by the United States Attorney. *See* 55 Fed. Reg. at 27553. The FAA specifically noted that "Currently, violations of the Federal Aviation Act... are subject to a *5–year statute of limitations by virtue of 28 U.S.C. 2462.*" *Id.* at 27552–53 (emphasis added). In rejecting a recommendation to shorten the five-year period for judicial actions by a U.S. Attorney, the FAA noted that "it must be understood that the rules of practice subject to this rulemaking ap-

ply *only* to: (1) Civil penalty actions not exceeding $50,000 for alleged violations[.]" *Id.* (emphasis added). It reasoned "any time limit adopted by the agency in this rulemaking would necessarily apply only to [administrative] cases." "*Any time limit would not affect* any civil penalty case outside the agency's general assessment authority, such as cases exceeding $50,000 that must be referred in order to institute a suit to obtain judicial assessment of a penalty, and cases referred to a U.S. Attorney to initiate a collection action." *Id.* at 27553 (emphasis added).

This legislative history (albeit in rulemaking by the FAA, and not by Congress in adopting the two-year period by statute later) indicates at least two things: (1) prior to adoption of the two-year period by the FAA for administrative actions, a *five year* period under 28 U.S.C. § 2462 applied to all actions for a penalty (administrative and judicial), and (2) the two-year period that was adopted only applied to administrative penalty actions (i.e., less than $50,000). It follows logically that the five-year period remained for larger actions brought by a U.S. Attorney in district court. That is, adopting a two-year period for administrative actions did not change the five-year period understood to apply to judicial actions by the U.S. Attorney.

Thus, (1) a plain reading of 49 U.S.C. § 46301(d)(7)(C) and (2) the legislative history of that and related provisions, both indicate that the two-year limitations period does not apply to the current case. Rather, the five-year "catch-all" period set forth in 28 U.S.C. § 2462 applies to this

**2.** The Court is thus not convinced by Ryan's argument that a change in language from "civil penalty action" (in 1992) to "civil action involving a penalty" (as it is now) was

meant to impose a two-year limitations period for all actions including judicial actions brought by the U.S. Attorney for greater than $50,000.

action seeking penalties in excess of $50,000. This interpretation makes sense: A shorter period for smaller administrative actions and a longer period for larger actions involving higher penalties or in rem matters.

Accordingly, the action was timely filed and the Defendant's Motion to Dismiss is DENIED

IT IS SO ORDERED.